CADILLAC AUTOMOBILE Co. *vs.* ANNA F. FISHER.

JANUARY 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit on four promissory notes. The jury returned a verdict for the defendant and the case is before us on the plaintiff's exceptions as follows: To the admission and exclusion of evidence; to the refusal to direct a verdict for the plaintiff and to the denial of the plaintiff's motion for a new trial.

Defendant purchased an automobile from the plaintiff, paid a part of the purchase price in money and gave said notes in payment of the balance. A conditional bill of sale was delivered to the defendant. The automobile was stolen

and thereafter the defendant refused to pay the notes. The purchase price included, among other charges, a premium of $37 for fire and theft insurance. In the entire transaction the defendant was represented by her husband who testified that, during the conversation leading up to the written agreement, the agents of the plaintiff told him the insurance on the car would protect both the buyer and the seller. Nothing was said as to whether defendant would be required to pay the notes in the event that a loss occurred. After said conversation the defendant signed an agreement containing a provision as follows:

> "I also agree to keep the above car insured for at least $3,611.50 against fire, theft and collision during the life of this contract, policy to be made payable jointly to myself and the Cadillac Auto Co. of Rhode Island, 'as their interest may appear', said Cadillac Auto Co. of Rhode Island to hold policy so long as this contract is in force. I agree to pay the cost of premium on said policy."

However, the plaintiff applied to an insurance agent for a policy covering both parties, as contemplated by the agreement, and was informed that no policy covering the defendant would be issued. Thereupon said agent, acting for a certain insurance company, issued a policy of theft insurance covering the interest of the plaintiff and, on January 13, 1923, sent to the defendant a letter, a copy of which is as follows:

"January 13, 1923.

Anna F. Fisher,
39 Ashton Street,
Providence, R. I.

Dear Madam:

We beg to advise that we have this day forwarded to the Cadillac Auto Company of R. I. an endorsement protecting *only their interest* in your policy NV-383509 and payment up to the amount

of their equity at the time of a loss, should one occur, would be all that we should be liable for. When the notes have all been taken care of by you with the Cadillac Auto Company the policy will have to be cancelled inasmuch as there will be no coverage hereunder. Should other insurance be placed on this car, our policy will become null and void. Trusting we have made this matter clear to you and regretting our inability to be of further service to you, we are

Yours very truly,

WILLIAM D. GOFF COMPANY,
by W. R. Thorpe."

Said automobile was stolen during February, 1923.

After the theft of the automobile, said insurance company delivered to the plaintiff the amount of money due on said notes and demanded and received from the plaintiff a "Borrowed and Loan Receipt" as follows:

"BORROWED & LOAN RECEIPT"

May 12th, 1923.

"Received from the Bankers & Shippers Insurance Company of New York, the sum of Twenty-six Hundred and Eleven Dollars and Fifty cents ($2,611.50) as a loan, and repayable only to the extent of any net recovery we may make from Anna F. Fisher or other bailee or otherwise on account of the loss sustained to a 1922 Cadillac car, Serial #61W602, valued at Twenty-six Hundred and Eleven Dollars and Fifty cents ($2,611.50) the said loss being due to damages sustained by the theft of the aforesaid Cadillac car from in front of the Theatre Cafe at Providence, Rhode Island, on or about February 10th, 1923, or from other insurance effected by any bailee or others on

said property and as security for such a payment we hereby pledge to the said Bankers & Shippers Insurance Company of New York such said recovery, and we agree to enter and prosecute suit against said Anna F. Fisher and/or her insurers for the recovery of said claim and we agree to use diligence in the prosecution of said suit which shall be at the expense of and under the exclusive direction and control of the Bankers & Shippers Insurance Company of New York.

CADILLAC AUTO COMPANY OF RHODE ISLAND,

by A. J. Feltham.

WILLIAM D. GOFF, Witness.

Dated at Providence this 12th day of May, 1923."

Thereafter this suit was brought by the insurance company for its own benefit, in the name of the plaintiff to whom the notes were payable.

The suit was defended on the ground of fraud, to establish which the defendant's husband was permitted to testify, as above set forth, as to the conversation relative to whom the insurance would protect. Bearing in mind that this conversation was prior to the signing of the written agreement, said conversation was inadmissible except to show fraud. Including this conversation, there was not a word of testimony, or other evidence, tending to establish fraud. Assuming that the statements imputed to the plaintiff's agents were made, there is nothing to show that they were aware of the fact that insurance companies would not assume the risk of insuring the defendant. Nothing was said as to whether the defendant would be required to pay the notes in the event that a loss occurred.

Plaintiff excepted to the refusal of the trial court to admit in evidence the "Borrowed and Loan Receipt" above set forth. The ruling was erroneous and the exception thereto is sustained. Suit to enforce subrogation must be brought in the name of the insured. *Ferraiole* v. *Lamson*

*Oil Co.*, 49 R. I. 426. By the exclusion of said receipt the plaintiff was prevented from showing that it was not seeking double damages. We are assuming that to hold the insurance company the plaintiff was in duty bound to do all things which by the terms of said receipt the plaintiff agreed to do.

In *Mingo* v. *R. I. Co.*, 41 R. I. at 429, this court said: "The cases cited show the rule to be settled under the English Compensation Act where payments are received from the employer by the employee under a *bona fide* agreement that the money is to be returned if damages are obtained from the wrongdoer, that the employee is not barred thereby from proceeding against the wrongdoer for damages. The fact of tender and refusal is not of importance, as it is the agreement which is the vital thing."

It is clear from his rescript that the refusal of the trial justice to grant a new trial was based on a misconception of the evidence. The denial of the motion for a new trial was on the ground that, according to the credible evidence, the agents of the plaintiff were guilty of fraud. We have already pointed out that there was no evidence tending to establish fraud.

It is unnecessary to consider the exception to the motion to grant a new trial.

The plaintiff excepted to the refusal of the trial justice to direct a verdict for the plaintiff. The "Borrowed and Loan Receipt" having been excluded the case was not fully tried, and, as the exact terms of the insurance policy are not before us, the exception to the refusal to direct a verdict for the plaintiff is not sustained.

The case is remitted to the Superior Court for a new trial.

*Boss & McMahon, Henry M. Boss, Jr.,* for plaintiff.
*McGovern & Slattery,* for defendant.